M’Girk, C. J.,
delivered the opinion of the Court.
The plaintiff Gordon brought an action of assault and battery against the defendant, in which judgment was rendered lor the defendant. In this case there was a special verdict, which verdict finds, that in May, 1830, the plaintiff brought his action under the statute for freedom against Coleman Duncan, that the Court made an order and under that order the plaintiff was hired out during the pendency of the suit until some time in April, 1831, when on motion of Coleman Duncan the Court made an order, of which the following is a copy: “Ralph v. Coleman Duncan.” “It is ordered by the Court, that Ralph the plaintiif in this case be delivered by the Sheriff to James Duncan or to. Coleman Duncan on their or either of them entering into a recognizance with sufficient security in the sum of six hundred dollars, conditioned that the said Ralph the petitioner shall at all times during the pendency of this suit have reasonable liberty of attending his counsel, and that the said Ralph shall not be removed ont of the jurisdiction of this Court, and that he shall not be subject to any severity of treatment because of his application for freedom.” The Court farther finds that said James d.d, with Robert Duncan as his security, in April, 1831, enter into a recognizance agreeably to this order, and that thereupon the Sheriff of St. Louis county djd-deliver Raiphrinto the possession qf Jame.s Duncan and that James Duncan delivered Ralph to, Robert Duncan in April or May, 1831, and that Robert Duncan kept and detained Ralph as the slave of Coleman Duncan until March or April, 1832, and that the services of Ralph, while thus kept, were worth the sum of $100. The Court further find, that in the spring of 1832, Robert Duncan hired Ralph, to one Lawrence as the slave of Coleman Duncanthat Ralph worked with Law-, rence at seventy-five-cents per day till his wages amounted to,$50, which sum was. paid to R. Duncan for the hire of Ralph. The Court also find that in the suit commenced by Ralph against Coleman Duncan as aforesaid, judgment was rendered by said. Court at the November term, thereof, 1833; and that by that judgment Ralph was declared to.be free, and that he was liberated as to the said Coleman Duncan and all persons claiming under him.. Whereupon, the Court gave.judgment for the defendant in the Court below.
But one questian is raised by the parties in this case, which is, can the plaintiff,, under these circumstances, maintain an action of trespass and false imprisonment, and give the wages in evidence.
To prove that this position is correct, no authorities have been cited on éitherside,. both parties rely on the general principles of law as applicable to his side of the case-...
*273 Mr. Geyer for the defendant contends, that ip this case the party had a right to the possession and service of the plaintiff by authority of the law, and that in every such case, no action of false imprisonment will lie. He likens this case to a case of temporary indentures, &c.
On the other side, Mr. Bird for the plaintiff insists that the order of the Court after the first order was made, was void and without authority. We are inclined to this opinion ; but we think let that matter be determined either way, still the question must not and cannot depend on the right of the Court to make the order when it d'd. In our opinion the whole question is this,.was the plaintiff free at the time the defendant had him in possession? If he was, then he is entitled to recover. It is true that in every such case, nothing more than wages ought to be allowed, nothing for indignity, inasmuch as the person claiming the slave might well suppose the plaintiff was a slave; but if a case should arise where the defendant well knew he had no right to the plaintiff as a slave, and the act on his part was wanton, fraudulent and wicked ; we see no reason why vindictive damages might not be given; but we have no evidence of that kind in this case, nor is that a question now. Suppose an action of assumpsit were brought instead of the present one, might not the defendant object that the plaintiff was put into his hands by the Court and the-law, and therefore no promise would arise on his part? We think he might, and it would be no more clear in such case whether assumpsit or trespass would be the appropriate action than it now is. Are we to understand the defendant that no action at all will lie ? If this is his argument, we cannot sustain such doctrine. If it were doubtful whether assumpsit or trespass should be preferred, that would be a good reason to allow the present action, the plaintiff having used it and the Court not being able to determine he has been wrong in his selection. But the truth is, false imprisonment is the right action as seems to us; the plaintiff was imprisoned and all the Court did was to provide a security that the plaintiff' should be forthcoming for the purposes of the suit; no change was made as to the right of freedom and slavery. Now if the plaintiff' should sue the Sheriff for the time he had him, the Sheriff might well say he only acted in obedience to the order of the Court, and that would protect him as a trespasser. Vet in assumpsit he might be compelled to pay over the money, if the plaintiff shall establish his freedom, for in that case the statute expressly says he shall do so. We cannot see in what way any principle of law is violated by allowing the present action to prevail. We are therefore of opinion the judgment ■of the Circuit Court ought to he reversed, and the same is reversed ; and this Court proceeding to give such judgment as the said Court ought to have given, do find the defendant guilty in manner and form as alledged in the the plaintiff’s declaration. And as to the second plea of the defendant above pleaded, this Court find that said Ralph is not and was not a slave as alledged by said plea. We assess the plaintiff’s damap-» to the sum of one hundred and fifty-three dollars, &c..